BOWLING (GARLAND v.). See Case No. 5,242.

## Case No. 1,738.

### BOWMAN v. BARRON.

[4 Cranch, C. C. 450.] [1]

Circuit Court, District of Columbia. March Term, 1834.

SLAVERY—RIGHT TO FREEDOM—MARYLAND ACT OF 1796.

A Virginia slave of a Virginia owner was loaned by the widow to her son-in-law in Washington, D. C., until the estate should be settled and distribution made. The slave resided in Washington, under that loan, more than a year, and was then sent back to Virginia, and upon settlement of the estate was assigned to one of the distributees. Held, that the slave did not thereby acquire a right to freedom under the Maryland act of 1796, c. 67. Although the administrator, who was neither party nor privy to the lending, afterwards knew of it and did not object.

Petition for freedom [by Frederick Bowman, a negro].

Mr. Key, for the petitioner, contended, that a residence of the slave in Washington, was evidence of an importation with intent to reside which gives freedom under the first section of the Maryland act of 1796, c. 67; and cited the case of Green v. Jewett, in this court in May, 1832 [unreported].

Mr. Bryce and Mr. Jones, contra. Although the residence was indefinite, it was in its nature temporary. It was intended to

[1] [Reported by Hon. William Cranch, Chief Judge.]

continue only until the estate should be settled. The act requires that the intended residence should be permanent. Johnson v. Mason, in this court in 1828 [Case No. 7,396].

Upon the prayer of Mr. Jones, for the defendant [Henry Barron]—

THE COURT (THRUSTON, Circuit Judge, doubting) gave the following instruction to the jury, namely: If the jury find from the evidence that the sending of the petitioner from Virginia to Washington was in consequence of a lending by the widow Barron to her son-in-law H. Gassaway; that the loan was temporary in its nature, though for an indefinite period, which might determine within the year, or not for two or three years; that the administrator, the defendant, was no party to such lending, nor any way privy to the same, though he afterwards knew of it, and did not object; that the petitioner was sent back to Virginia about last Christmas, to abide the final distribution of the estate; and that such return of the petitioner to Virginia was pursuant to the original intent of such lending (evidence tending to prove which was given by the defendant); that upon such return of the petitioner to Virginia, he was included in the distribution of the personal estate of the intestate, and, in course of such distribution, was allotted and distributed to Ann C. Barron, one of the children of the intestate, after which he, of his own accord, without the knowledge or consent of the owner, left Virginia, came back to Washington, and there filed his said petition,—then the petitioner is not entitled to his freedom, though it turned out that the petitioner was kept in Washington, under the said lending, two or three years.

Verdict for the defendant.